| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK**<br><br>KATIE L. CHIAPPA.,<br><br>        Plaintiff,<br><br>   -against-<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC # _____<br>DATE FILED: \_\_\_10/1/2019\_\_\_<br><br>**OPINION AND ORDER**<br>18 Civ. 3508 (ER) (BCM) |

Ramos, D.J.:

  Katie L. Chiappa ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) challenging the decision of the Commissioner of Social Security (the "Commissioner") to deny her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Pending before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Docs. 19, 23. On August 16, 2019, Magistrate Judge Barbara Moses issued a Report and Recommendation ("R & R"), recommending that the Plaintiff's motion for judgment on the pleadings be granted, that the Commissioner's motion be denied, and that the case be remanded to the Commissioner for further proceedings. Doc. 25. For the reasons stated below, the Court ADOPTS the R & R and directs the entry of judgment as recommended.

### I.  BACKGROUND

Plaintiff initially filed for DIB on February 3, 2012, alleging disability since August 14, 2011. R & R at 1. That application was first denied on June 22, 2012 and again on reconsideration on September 12, 2012. *Id.* Plaintiff then filed a second application for DIB and SSI on July 17, 2014, alleging disability since September 1, 2013. *Id.* These applications were

initially denied on October 2, 2014 and on reconsideration on December 16, 2014.  *Id.* at 2.  After timely requesting a hearing, Plaintiff appeared before an Administrative Law Judge ("ALJ") on June 28, 2016.  *Id.*  On January 13, 2017, the ALJ confirmed the denial of benefits, finding that Plaintiff was not disabled.  *Id.*  Plaintiff appealed the ALJ's decision, and on February 14, 2017, the SSA's Appeals Council denied Plaintiff's request for review.  *Id.*

Plaintiff filed the instant action on April 20, 2018.  Doc. 2.  Plaintiff moved for a judgment on the pleadings on February 15, 2019.  Doc. 19.  The Commissioner filed a cross-motion for judgment on the pleadings on April 19, 2019.  Doc. 23.  On August 16, 2019, Judge Moses issued her R & R, recommending that Plaintiff's motion be granted, the Commissioner's motion be denied, and the matter remanded to the Commissioner for proceedings consistent with her analysis.  R & R at 41.  Specifically, she recommended that the matter should be remanded because the ALJ (1) failed to follow the treating physician rule, and (2) improperly discounted Plaintiff's credibility.  *Id.* at 30–38.  Judge Moses also found that the ALJ's determination that Plaintiff was not disabled was not supported by substantial evidence.  *Id.* at 39–40.

Judge Moses noted that objections, if any, would be due fourteen days from service of the R & R and that failure to timely object would preclude later appellate review of any order of judgment entered.  *Id.* at 41–42.  On August 28, 2019, the Commissioner requested an extension of time to file objections.  Doc. 26.  Objections were due September 30, 2019.  Doc. 27.  Neither the Plaintiff nor the Commissioner filed objections.  They have therefore waived their right to object to the R & R.  *See Dow Jones & Co., Inc. v. Real-Time Analysis & News, Ltd.*, No. 14 Civ. 131 (JMF) (GWG), 2014 WL 5002092, at *1 (S.D.N.Y. Oct. 7, 2014) (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)); *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

## II. STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also DeLeon v. Strack*, 234 F.3d 84, 87 (2d Cir. 2000) (citing *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997)). The district court may adopt those parts of the report and recommendation to which no party had timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

## III. CONCLUSION

The Court has carefully reviewed Judge Moses' thorough and well-reasoned R & R and finds no error, clear or otherwise. Accordingly, the Court adopts the R & R in its entirety. The Plaintiff's motion for judgment on the pleadings is GRANTED, the Commissioner's motion is DENIED, and the matter is REMANDED to the ALJ for further proceedings. The parties' failure to file written objections precludes appellate review of this decision. *PSG Poker, LLC v. DeRosa-Grund*, No. 06 Civ. 1104 (DLC), 2008 WL 3852051, at *3 (S.D.N.Y. Aug. 15, 2008) (citing *Male Juvenile*, 121 F.3d at 38).

The Clerk of Court is respectfully directed to terminate the motions, Docs. 19, 23.

SO ORDERED.

Dated:   October 1, 2019
         New York, New York

                                                    _____
                                                    Edgardo Ramos, U.S.D.J.